# EXHIBIT 1

FILED: BRONX COUNTY CLERK 08/08/2022 11:47 AM
INDEX NO. 811883/2022E

NYSCEF DOC. NO. 1

DocuSign Envelope ID: 2AB7EF7D4304A-F68-9a55e8066E87CB2

Case 1:22-cv-07900-ER   Document 1-1   Filed 09/15/22   Page 2 of 20

RECEIVED NYSCEF: 08/15/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C.
and NORMAN MAURICE ROWE, M.D., M.H.A.,
L.L.C.                                        Plaintiff(s),

- Against -

AETNA HEALTH AND LIFE INSURANCE
COMPANY,
                                          Defendant(s).

Index No.

**SUMMONS**

Plaintiff's Address:
ROWE PLASTIC SURGERY OF NEW
JERSEY, L.L.C. & NORMAN
MAURICE ROWE, M.D., M.H.A.,
L.L.C.
100 Manetto Hill Road - Suite 204
Plainview, NY 11803

Basis for Venue:
Defendant transacts business within
BRONX County

To the above named defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's attorney within 20 days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the
State of New York); and in case of your failure to appear or answer, judgment will
be taken against you in the amount of $254,365.40.

Dated:          August 2, 2022

DocuSigned by:

*Michael Baglio*

0A1D48C14A73421...

**LEWIN & BAGLIO, LLP**
By: Michael Baglio, Esq.
Attorneys for the Plaintiff
1100 Shames Drive
Suite 100
Westbury, New York 11590
Tel:  (516) 307- 1777
Fax: (516) 307- 1770
L&B File No.: 2238.COM.12

Defendant's Address:
AETNA HEALTH AND LIFE INSURANCE
COMPANY

c/o Department of Financial Services
151 Farmington Avenue
Hartford, CT 06156

.

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB7E7D4-90A4-468d-d0a5f56327C2

SUPREME COURT OF THE STATE OF NEW YORK          Index No.:
COUNTY OF BRONX

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C.          COMPLAINT
and NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C.
                    Plaintiff(s),

         - Against -

AETNA HEALTH AND LIFE INSURANCE COMPANY,
                    Defendant(s).

Plaintiffs, ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. & NORMAN
MAURICE ROWE, M.D., M.H.A., L.L.C., alleges:

1) This is an action by an out-of-network health care provider to recover
payment from an insurer. This action does not include any claims in which benefits
were denied, nor does it challenge any coverage determinations under ERISA.

2) Indeed, the Defendant-insurer has already adjudicated these claims, has
determined that Plaintiff's claims were for covered medical services rendered to the
relevant patient, and has issued payments-payments that were not what was
offered to induce performance of the services at issue. And, that is the reason for
this lawsuit.

3) YS[1], a consumer of the Defendant's product, required a medical procedure
called bilateral breast reduction.

4) The insurer offered to reimburse the service at the 85% of reasonable and
customary rate. But after receiving the benefit of its bargain-bilateral breast
reduction rendered to its consumer-the insurer reneged by making payment that
was not at 85% of reasonable and customary. The payment was not what was

---

[1] YS is an individual patient referred to solely by their initials to avoid disclosure of personally
identifiable information.

L&B File No.: 2238.COM.12

offered, was late pursuant to NY statutory standards, and incomplete or unreasonable according to industry standards.

# JURISDICTION, VENUE, AND PARTIES

5)  This Court has personal jurisdiction over the parties because Defendant AETNA HEALTH AND LIFE INSURANCE COMPANY, (herein after " Aetna")is an insurance company licensed and authorized to do business in the State of New York; Aetna, violated New York Law while doing business in New York State.

6)  Aetna transacts business in BRONX County.

7)  ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. (Herein after RPSNJ is a Limited Liability Company that provides health services in the State of New Jersey.

8)  NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. (Herein after Rowe LLC is a Limited Liability Company Located in New York, NY, that provides health services in the State of New York and New Jersey. (Herein after RPSNJ and Rowe LLC are referred to collectively as RPSNJ)

# FACTUAL ALLEGATIONS

A. Introduction to Managed Care

9)  A health insurance product is a package of health insurance coverage benefits that are offered using a particular product network type within a service area.

10) Health insurance plans, with respect to a product, are the pairing of the health insurance coverage benefits under the product with a particular cost sharing structure, provider network, and service area.

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB7AE7D4A0A4F68-9AFA30056E87C52
Case 1:22-cv-07900-ER   Document 1-1   Filed 09/15/22   Page 5 of 20

11) Many of RPSNJ's patients are consumers of a health insurance products and use those products to arrange for and manage the costs of their medical treatment

12) At all relevant times, "YS" was a consumer of a health insurance product sold by Aetna.

13) YS relied on an insurance product sold by Aetna to arrange for and manage the costs of their medical treatment.

### 1. *Use of Network Status to Determine Reimbursement*

14) The amount Aetna pays to medical providers is the result of a calculation. The minuend for that calculation is determined by a medical provider's network status.

15) Aetna determines a medical provider's network status by whether or not the provider has signed a Aetna network agreement. A provider who has joined the network has negotiated and agreed to accept a rate of payment for the services they will provide to consumers of Aetna's products and plans, which is called the in-network rate.

16) RPSNJ intentionally refused to join any provider network organized by Aetna so that RPSNJ is always free to negotiate payment for services they render to individual patients.

17) At all times relevant, RPSNJ intentionally refused to join any insurer provider network organized by Aetna so that RPSNJ could freely choose to whom they would render medical services.

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB7AE7D4-40A4-68-9fabba8056c-B7C52
Case 1:22-cv-07900-ER Document 1-1 Filed 09/15/22 Page 6 of 20

18) RPSNJ never agreed to be bound by the terms and conditions of YS's health insurance plan.

19) Because RPSNJ refused to join a provider network Aetna treats RPSNJ as an out-of-network provider.

20) Not all plans provide out-of-network benefits, but when they do Aetna determines the maximum amount it will pay for a covered service to an out-of-network provider, this rate is sometimes called OON or out-of-network rate.

21) In the healthcare industry the usual, customary, and reasonable rate (UCR) is the amount charged for services in a geographic area based on what providers in the area usually charge for the same or similar medical services. The 80th percentile of UCR is recognized in the health insurance industry as a reasonable value for a medical service. FAIRHealth data is a recognized in the healthcare industry as a reliable source for provider pricing and for determining UCR. Typically, an insurer will disclose the total allowed amount as a percentage of UCR.

22) Indeed, New York Insurance Law §§ 3217-a(a)(19)(B) and 4324(a)(20)(B) and Public Health Law § 4408(1)(t)(ii) require health plans to disclose the amounts paid for out-of-network services as a percentage of UCR.

23) Bilateral breast reduction was indicated for YS and YS desired RPSNJ perform bilateral breast reduction.

24) RPSNJ, however, was unwilling to risk non-payment to perform bilateral breast reduction on YS.

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB7AE7D4A0A4F68-9af9566E37C82

25) Therefore, on or about 3/10/2021, a RPSNJ employee contacted Aetna and spoke to a/an Aetna employee.

26) RPSNJ employee identified itself as an out-of-network provider, indicated RPSNJ was willing to render bilateral breast reduction to YS.

27) During the phone conversation between RPSNJ's employees and Aetna's employees, Aetna employee represented that the total allowed amount for this service was based upon 85% of reasonable and customary for covered services rendered to YS. The Aetna employee provided this number as a reference for the call: 5809053358.

28) On March 24, 2021, RPSNJ accepted Aetna's offer by rendering bilateral breast reduction to YS.

29) RPSNJ submitted its billing to Aetna.

## B. Explanation of billing

30) RPSNJ billed Aetna a total of $300,000.00 for the services rendered to YS on March 24, 2021 indicating the services it rendered using industry standard billing codes, known as "CPT codes." RPSNJ also substantiated the use of those CPT codes by including the relevant medical documentation with its billing.

31) It is an industry standard practice for Aetna to rely upon the billing codes submitted by a medical provider to determine the amount Aetna would pay.

32) Indeed, RPSNJ attested to the accuracy of its claims.

33) RPSNJ billed Aetna $150,000.00 for the services Norman Rowe, M.D rendered. Aetna adjudicated these claims and determined that the claims were for

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB7AE7D4404-4F68-9a4a-8a56E87CB2
Case 1:22-cv-07900-ER   Document 1-1   Filed 09/15/22   Page 8 of 20

covered services rendered to YS because Aetna paid $3,553.96 for the services

Norman Rowe, M.D rendered.

34) RPSNJ billed Aetna $150,000.00 for the services Lisa Schneider, M.D.

rendered. Aetna adjudicated these claims and determined that the claims were for

covered services because Aetna paid $42,080.64 for the services Lisa Schneider,

M.D. rendered.

## C.  Explanation of monies owed

35) Aetna did not do what it was required to do.

36) Aetna did not reject RPSNJ's performance.

37) Aetna did not inform RPSNJ that RPSNJ incorrectly performed bilateral

breast reduction.

38) Aetna did not inform RPSNJ that the services RPSNJ billed were not entitled

to payment.

39) Aetna did not claim there was a reduction in YS's benefits such that RPSNJ

was not entitled to payment.

40) Aetna never provided RPSNJ with any notice that another insurer or

corporation or organization was liable for all or part of the bill.

41) Aetna adjudicated RPSNJ's claim and intentionally issued a payment, which

was late and unreasonable.

42) Aetna has, as is common in the health insurance industry, largely automated

its claims adjudication process.

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB7EE7D4A0A4F68CdaaAe5D56EB7CB2

Case 1:22-cv-07900-ER Document 1-1 Filed 09/15/22 Page 9 of 20

43) Aetna has designed and implemented its automated claims adjudication process to ensure that claims for payment received by Aetna for all services rendered by any out-of-network providers are intentionally underpaid.

44) Aetna intentionally underpays out-of-network services to artificially reduce gross costs for medical services and increase its profits.

45) Every dollar that Aetna was obligated to pay that it didn't pay was a dollar that was counted directly to profits. While underpayment serves as a windfall for Aetna, being misled into providing medical services leaves the medical provider with a broken promise and the legal bills associated with attempting to be made whole again.

46) When Aetna processes the claims it receives it relies on the information reflected in the claim itself, and particularly the CPT code, to determine the date of service, the service provided to the consumer, and the medical providers network status.

47) CPT codes are among the most important pieces of information included in a claim to Aetna, and a primary determinant of the amount Aetna will ultimately pay.

48) The type and degree of care indicated by the CPT code(s) included in a claim is a primary determinant of what Aetna will pay on the claim.

49) Aetna intentionally issues improper and reduced payment for services rendered by out-of-network providers.

L&B File No.: 2238.COM.12

INDEX NO. 811883/2022E
DocuSign Envelope ID: 2AE73E7D-430A-4F68-9F79-8A56EB927C2A
RECEIVED NYSCEF: 08/15/2022

50) The automated application of industry standard limitations on reimbursement means that Aetna routinely improperly applies limitations on reimbursement. The improper application of limitations on reimbursement improperly reduces the amount of Aetna's payment.

51) The delta between what Aetna paid on the claim identified in the Complaint and what the Aetna should have paid is so substantial it foreclose the possibility that Aetna merely made a mistake.

52) The amount paid to RPSNJ by Aetna $45,634.60 is not a reasonable value for bilateral breast reduction because it is not consistent with the prevailing and customary rates paid for bilateral breast reduction; as a result RPSNJ suffered damages.

53) Aetna did not use 85% of reasonable and customary.

54) In the health care industry, payment at the reasonable and customary rate means the insurer will be issung reimbursement based on the amount paid for a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical service.

55) In the health care industry, paying 85 % of reasonable and customary means the insurer would pay an amount equal to the 85th percentile threshold for that service in the georgraphic area where the services were rendered.

56) In the health care industry by FAIRHealth data is recognized as a reliable source for what providers in a geographic area usually charge for the same or similar medical service.

DocuSign Envelope ID: 2AB73E7D-430A-4F68-9F79-B56CEB27C92D
Case 1.22-cv-07900-ER Document 1-1 Filed 09/15/22 Page 11 of 20

57) Aetna's payment was unreasonable when measured against FAIRHealth data for the 85th percentile, therefore, Aetna incorrectly calculated its payment to RPSNJ; as a result RPSNJ suffered damages.

58) Aetna intentionally incorrectly calculated 85% of reasonable and customary resulting in an underpayment to RPSNJ for bilateral breast reduction; as a results RPSNJ suffered damages.

59) Aetna did not properly apply industry coding standards for determining any recognized limitations on reimbursement for bilateral breast reduction, therefore, Aetna incorrectly calculated its payment to RPSNJ; as a result RPSNJ suffered damages.

# FIRST CAUSE OF ACTION- BREACH OF CONTRACT

60) RPSNJ repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

61) On or about 2/26/2021, Aetna verbally offered to pay for 85% of reasonable and customary for covered medical services rendered to YS.

62) On or about March 24, 2021, RPSNJ accepted Aetna's offer by rendering bilateral breast reduction to YS and submitted its billing to Aetna.

63) Aetna did not reject RPSNJ's performance.

64) Aetna adjudicated RPSNJ's claim and issued a payment.

65) Aetna has failed and refuses, however, to issue payment to RPSNJ at the 85% of reasonable and customary rate for the services as offered by Aetna.

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB75E7D-430A-4F68-9F79-1685656BB27C

66) Aetna has refused to pay the balance after being demanded to do so by RPSNJ.

67) As a result of Aetna's failure to perform under their agreement RPSNJ has suffered damages.

## SECOND CAUSE OF ACTION UNJUST ENRICHMENT

68) RPSNJ repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

69) Aetna induced RPSNJ to render bilateral breast reduction to YS by offering to pay for bilateral breast reduction at the 85% of reasonable and customary rate.

70) RPSNJ conferred a benefit upon Aetna under circumstances where Aetna knew or should have known that RPSNJ expected to be reasonably compensated for the benefit conferred according to usual and customary prevailing rates for bilateral breast reduction, the services rendered to YS.

71) Aetna received the benefit of its bargain, i.e., RPSNJ rendering bilateral breast reduction to YS.

72) RPSNJ would not have otherwise provided the medical services without Aetna's agreement to pay some or all of the costs.

73) When RPSNJ rendered bilateral breast reduction to YS RPSNJ made it possible for Aetna to fulfill its contractual obligation to manage YS costs for medically necessary services.

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AE-5E7D-430A-4F68-9F-8B56-B27C2
Case 1:22-cv-07900-ER   Document 1-1   Filed 09/15/22   Page 13 of 20

74) Relying on Aetna's offer of payment at 85% of reasonable and customary, RPSNJ forbore from collecting payment in full from YS prior to rendering bilateral breast reduction.

75) If Aetna did not offer to pay 85% of reasonable and customary then YS would not have received bilateral breast reduction from RPSNJ for the same out-of-pocket costs.

76) The additional benefits conferred by RPSNJ when RPSNJ agreed to render bilateral breast reduction based on Aetna's promise of payment included YS's perception, valid or otherwise, that Aetna facilitated YS receiving bilateral breast reduction from RPSNJ; the esteem and the expectancy of YS's continued customer patronage is called good will and it has a value to Aetna.

77) Under the circumstances, it would be unfair to permit Aetna to retain the benefits conferred upon it without Aetna paying a reasonable value to RPSNJ.

## THIRD CAUSE OF ACTION- PROMISSORY ESTOPPEL

78) RPSNJ repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

79) Aetna made a clear and unambiguous promise to pay for bilateral breast reduction at out of network rate if it was rendered to YS and should have expected that RPSNJ would rely upon that promise.

80) Aetna should have expected RPSNJ to rely upon its promise because, among other reasons, Aetna knew or should have known that the surgery was scheduled

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB7SE7D430AAF68-GB79B6A56CB27CD2

for March 24, 2021 and it made a promise on 2/26/2021 to issue payment for bilateral breast reduction at the out of network rate.

81) Aetna should have expected RPSNJ to rely upon its promise because, among other reasons, Aetna issued numerous payments to RPSNJ after issuing an authorization for the same healthcare services rendered by RPSNJ at higher percentage of the billed amount under the same or similar circumstances.

82) RPSNJ relied on Aetna's promise to its detriment, causing substantial damages equal to the reasonable value of the medical services provided by RPSNJ.

## FOURTH CAUSE OF ACTION— VIOLATION OF NEW YORK'S PROMPT PAY LAW

83) RPSNJ repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

84) Pursuant to their agreement and within 120 days of the date the services were rendered to YS, RPSNJ submitted its claim to Aetna.

85) Aetna received the claim on April 19, 2021.

86) Aetna did not issue payment of the undisputed amount within 45 days of the date of service because the payment it issued was unreasonable based upon reimbursement standards in the industry,

87) Aetna did not object to reimbursement or request further information from RPSNJ regarding RPSNJ's billing within forty-five (45) days of receipt of the claim.

88) RPSNJ is entitled to payment of $254,365.40 PLUS interest at the rate of ONE PERCENT (1%) per month computed from THIRTY (30) days after the date

L&B File No.: 2238.COM.12

the claim was submitted to the Aetna until the amount due is paid in full, pursuant

to Insurance Law § 3224-a.

L&B File No.: 2238.COM.12

89) **WHEREFORE**, ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. &

NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. demands judgment in the

amount of $254,365.40 together with statutory interest; or in the alternative

judgment in the amount of $146,615.40, and pre-judgment interest, and court costs

together with granting such other and further relief as the Court may deem just

and proper.

**LEWIN & BAGLIO, LLP**
Attorneys for the Plaintiff
1100 Shames Drive
Suite 100
Westbury, New York 11590
Tel:  (516) 307- 1777
Fax: (516) 307- 1770
L&B File No.: 2238.COM.12

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB73E7D-430A-4F68-9C09-E8656EB27C72

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C.
and NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C.
Plaintiff(s),

VERIFICATION

- Against -

AETNA HEALTH AND LIFE INSURANCE COMPANY,
Defendant(s).

I, _____ being duly sworn, deposes and says:

I am an officer of ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C., the

plaintiff in the above-entitled action. I have read the foregoing complaint and know

the contents thereof. The same are true to my knowledge, except as to matters

therein stated to be alleged on information and belief and as to those matters I

believe them to be true.

Dated: August 2, 2022

_____

Sworn to before me this 2 day of AUGUST, 2022

MICHELE B SAGURTON
Notary Public, State of New Jersey
Comm. # 50066385
My Commission Expires 8/18/2027

Notary Public

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB73E7D-430A-4F68-9C09-E8656EB27C72

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. and
NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C.
Plaintiff(s),

VERIFICATION

- Against -

AETNA HEALTH AND LIFE INSURANCE COMPANY,
Defendant(s).

I, _____ being duly sworn, deposes and says:

I am an officer of NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C., the plaintiff

in the above-entitled action. I have read the foregoing complaint and know the

contents thereof. The same are true to my knowledge, except as to matters therein

stated to be alleged on information and belief and as to those matters I believe them

to be true.

Dated: August 2, 2022

_____

Sworn to before me this 2 day of AUGUST 2022

MICHELE B SAGURTON
Notary Public, State of New Jersey
Comm. # 50066395
My Commission Expires 8/18/2027

L&B File No.: 2238.COM.12

DocuSign Envelope ID: 2AB75E7D-430A-4F68-9E79-B6856B27C23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C.
and NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C.
Plaintiff(s),

AFFIRMATION

- Against -

AETNA HEALTH AND LIFE INSURANCE
COMPANY,
Defendant(s).

STATE OF NEW YORK)
COUNTY OF NASSAU)  ss.

**ATTORNEYS VERIFICATION AND CERTIFICATION PURSUANT TO § 130-1:**

I, Michael Baglio, Esq., an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York and a member with the law firm **LEWIN & BAGLIO, LLP,** attorneys for plaintiff herein, affirms the following to be true under penalties of perjury:

I have read the foregoing **COMPLAINT** and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by deponent and not by plaintiff is that plaintiff resides in a county other than the one in which your deponent's office is maintained.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

Dated:  August 2, 2022
        Westbury, New York

DocuSigned by:

*Michael Baglio*

0A1D48C14A73421...

By: Michael Baglio, Esq.

L&B File No.: 2238.COM.12

FILED: BRONX COUNTY CLERK 08/08/2022 11:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 811883/2022E

RECEIVED NYSCEF: 08/15/2022

Case 1:22-cv-07900-ER   Document 1-1   Filed 09/15/22   Page 20 of 20

DocuSign Envelope ID: 2AB7SE7D-430A-4F68-9C79-6045CFB27C2E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
_____

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C.
and NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C.

Index No.:

Plaintiff(s),

- Against -

AETNA HEALTH AND LIFE INSURANCE COMPANY,

Defendant(s).
_____

Pursuant to Section 130-1 of the rules of the chief administrator (22 NYCRR) I certify that to the best of my knowledge, information and belief, Formed after an inquiry reasonable under the circumstances, the within Summons and Verified Complaint are not frivolous.

DocuSigned by:

*Michael Baglio*

0A1D48C14A73421...

By: Michael Baglio, Esq.

## SUMMONS AND COMPLAINT

### ATTORNEYS FOR THE PLAINTIFF

LEWIN & BAGLIO, LLP
1100 Shames Drive
Suite 100
Westbury, New York 11590
516-307-1777
L&B File No.: 2238.COM.12

To:

Attorney for defendant:
Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.

Dated: _____        _____
                                   Attorney for Defendant

L&B File No.: 2238.COM.12