**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ROWE PLASTIC SURGERY OF NEW JERSEY, LLC, :
et al.,                                                                          :
                                                                                      :      22-CV-7900 (JLR) (OTW)
                           Plaintiffs,                                     :
                                                                                      :      **OPINION & ORDER**
                  -against-                                              :
                                                                                      :
AETNA HEALTH AND LIFE INSURANCE            :
COMPANY,                                                              :
                                                                                      :
                           Defendant.                                   :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of Plaintiffs' motion to amend and accompanying filings. (ECF Nos. 63, 64).

   **I.   BACKGROUND**

The Court assumes familiarity with the history and facts of this case. This matter was referred to me on August 17, 2023, for general pretrial management. (ECF 40). I am also the Magistrate Judge referred for general pretrial management on at least 12 other nearly identical cases.[1] Plaintiffs also filed at least five other cases in this district that were not referred to me.[2]

On December 9, 2024, I issued an order to show cause ("OSC") directing Plaintiffs to respond by January 10, 2025. (ECF 60).[3] Plaintiff did not timely respond, so I issued a Report

---

[1] 22-CV-8713 (JLR) (OTW); 22-CV-9328 (JPC) (OTW); 22-CV-9427 (AT) (OTW); 23-CV-1373 (MMG) (OTW);  23-CV-6206 (SHS) (OTW); 23-CV-7049 (JHR) (OTW); 23-CV-8140 (JGK) (OTW); 23-CV-8297 (LGS) (OTW); 23-CV-8504 (JLR) (OTW); 23-CV-8509 (SHS) (OTW); 23-CV-8512 (LLS) (OTW); 23-CV-8514 (LJL) (OTW).

[2] 23-CV-8521 (JSR); 23-CV-8529 (DLC); 23-CV-8298 (CM); 23-CV-8527 (CM); 23-CV-8532 (VSB).

[3] The December 9 OSC directed Plaintiffs to respond to two specific questions: (1) why this case and others "differ from and should not be dismissed considering the Second Circuit's decision in *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024);" and (2) "why the parties

and Recommendation (the "Jan. 13 R&R") recommending dismissal of the case with prejudice. (ECF 61). Within hours after the issuance of the Jan. 13 R&R, Plaintiffs filed a slew of documents including a response, a motion to amend, and a belated request for an extension of time to respond to the OSC. (ECF Nos. 62, 63, 64, 65). I construed these untimely filings as a request for reconsideration of the Jan. 13 R&R and denied reconsideration by order on January 14, 2025. (ECF 68, the "Jan. 14 Order").

Plaintiffs' objections to the Jan. 13 R&R and the Jan. 14 Order are pending.[4] Also pending before the Court is Plaintiffs' motion to amend. (ECF 64). The Jan. 14 Order only addressed whether the motion to amend raised any facts or law that warranted reconsideration of the Jan. 13 R&R and did not conduct the traditional analysis under Rule 15 and 16; nor did I rule on whether Plaintiffs should be given leave to amend the complaint. This order thus addresses the merits of Plaintiffs' outstanding motion to amend. For the reasons discussed below, Plaintiffs' motion is **DENIED**.

---

and/or counsel are not barred from seeking amendment in light of Judge Cote's decision in Case No. 23-CV-8529 (DLC)." (ECF 60).

[4] Plaintiffs sought an extension of the time to respond to the Jan. 14 Order, which they received. (ECF 70). But, as Judge Torres noted in her case, (22-CV-9427, ECF 56), there is a Jan. 13 R&R which had a two week objection period, and a Jan. 14 Order which had its own two week objection period. Further complicating matters, Plaintiffs also incorrectly assert in ECF 69 that I "reconsidered" my Jan. 13 R&R. (ECF 69). I did not. The Jan. 14 Order denied reconsideration. This matters because under Fed. R. Civ. P. 72(a), timely objections to a Magistrate Judge's orders are considered under a "clearly erroneous" or "contrary to law" standard, while dispositive reports and recommendations fall under Fed. R. Civ. P. 72(b), which the "district judge must determine de novo any part of the [R&R] . . . . that has been properly objected to." In adopting the Jan. 13 R&R and dismissing the case, (22-CV-9427, ECF 56), Judge Torres found, *inter alia*, that Plaintiffs had procedurally defaulted on objections to the Jan. 13 R&R by only seeking an extension to respond to the "R+R of January 13, 2025 [sic]." (ECF 69).

In this case, however, Plaintiffs' ambiguous request and the broad grant of an extension could be construed to apply to both the Jan. 13 R&R and the Jan. 14 Order.

## II. LEGAL STANDARD

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the trial court's discretion to grant or deny leave to amend under Rule 15(a)(2). *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 421, 330 (1971). A court may deny leave to amend for "good reason," which normally involves an analysis of the following four factors: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b) requires the Court to enter a scheduling order that "limit[s] the time to join other parties, [and] amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Rule 16(b) further states that the schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16(b)(1), (3)(A). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations and quotations omitted). The movant must demonstrate diligence to satisfy the good cause standard. *Grochowski, et al. v. Phoenix Const., et al.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"). In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met. *See Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003); *Parker*, 204 F.3d at 340.

III.   **DISCUSSION**

Rule 16's good cause standard applies here because Judge Rochon entered a case management plan on February 21, 2023, that set Plaintiffs' last day to amend the complaint on March 20, 2023, which Plaintiffs did not seek to extend. (ECF 16).

On December 11, 2023, Judge Rakoff dismissed his case, finding, in relevant part, that "[n]o reasonable person would understand [a coverage and benefits] representation to be an offer or promise to pay a particular amount to plaintiffs." *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, 705 F. Supp. 3d 194, 203 (S.D.N.Y. 2023). Judge Rakoff also denied further amendment, noting:

> Plaintiffs . . . have not sought leave to amend nor indicated how any amendment could fix the deficiencies within the [Amended Complaint], most of which are legal deficiencies that no conceivable amendment could fix. . . .

*Id.* at 205. The Second Circuit affirmed Judge Rakoff's decision on September 27, 2024. *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024).

**A.   Plaintiff Has Not Exercised Diligence**

Plaintiff filed their motion to amend after the Jan. 13 R&R recommending dismissal had already been entered. (ECF 64). Plaintiffs' filings in response to the December 9 OSC and in support of the motion to amend are confusingly intertwined. Plaintiffs first filed a "RESPONSE TO ORDER TO SHOW CAUSE," which is an affirmation from Plaintiffs' attorney, Brendan Kearns, in response to the December 9 OSC and "in support of" Plaintiffs' motion to amend which had not been filed. (ECF 62). The affirmation attaches a proposed amended complaint and references "the Memorandum of Law in Support of Motion to Amend," (ECF 62 ¶ 7), which was

4

separately filed at ECF 63 and titled "MEMORANDUM OF LAW in Support re: 62 Response to Order to Show Cause." (ECF 63).[5] Then, Plaintiffs filed what appears to be a standalone "MOTION TO AMEND," but which consisted of only a two-page "notice of motion" that fails to attach any documents, notwithstanding the reference to an "attached" affirmation from Mr. Kearns and "the exhibits attached thereto." (ECF 64). Further, the "notice of motion" references only Rule 15, not Rule 16. (ECF 64) ("Plaintiffs will move this Court . . . [p]ursuant to Fed. R. Civ. P. Rule 15 permitting Plaintiffs to amend their operative pleading. . . .") (emphasis in original).

Even though Plaintiffs were on notice of the deficiencies in their complaint no later than the issuance of Judge Rakoff's decision on December 11, 2023, at no time did they affirmatively seek to amend this complaint until over a year later, after I had issued the Jan. 13 R&R recommending dismissal of the case. Even the December 9 OSC, which explicitly directed Plaintiffs to address the futility of amendment, did not spur any timely action.

Finally, there is another dimension to Plaintiff's failure of diligence: the docket entries purporting to reference a "MOTION TO AMEND," ECF 64 and 62, in that order, do not present any legal argument for me to consider in connection with the "motion to amend" filed at ECF 64.[6]

For these reasons, I find that Plaintiffs did not exercise diligence in seeking amendment.

---

[5] It is not clear from the text on the docket that ECF 63 has any relation to Plaintiffs' (at this point, still non-existent) motion to amend. Only by clicking through the document does one discover that ECF 63 is intended to support Plaintiffs' (later filed) motion to amend the complaint.

[6] While ECF 63 contains a memorandum of law that makes arguments in support of amendment, the "MOTION TO AMEND" at ECF 64 makes no reference to a memorandum of law.

### B. Amendment Would Prejudice Defendants

When assessing whether a proposed amendment is unduly prejudicial, courts consider whether the assertion of the new claim or defense would: (1) require the non-movant to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the dispute's resolution; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 294 (2d Cir. 2000) (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)).

Here, amendment would only delay resolution of this and potentially other cases. Although this case was stayed for a long period of time (from December 22, 2023, to December 9, 2024), (*see* ECF 50, 59), the Court explicitly directed Plaintiffs to address bases for amendment, which they did not do so timely. On December 9, 2024, before entering the OSC in this case, I entered an omnibus order in all of the *Rowe* cases that were referred to me for general pretrial management. (*See, e.g.*, ECF 59). Specifically, in five of the *Rowe* cases, including this one, Defendant requested expedited motion practice to move the cases to some measure of closure. For that reason, I entered the December 9 OSC in these five cases. (*See, e.g.*, ECF 60). Allowing amendment, particularly where Defendant sought expedited motion practice, would only serve to unnecessarily prolong these cases.

Additionally, allowing amendment would require Defendant to spend significant resources litigating the same issues across numerous cases. Judge McMahon issued Orders to Show Cause in one of her cases on January 13, 2025, (23-CV-8298, ECF 37), and in a second case on January 15, 2025. (23-CV-8527, ECF 45). One of these cases was subsequently dismissed on March 4, 2025, (23-CV-8527, ECF 49), and Plaintiffs have already appealed that decision to the

Second Circuit. (23-CV-8527, ECF 50). As discussed, Plaintiffs have also appealed Judge Torres's dismissal of her case as well. (22-CV-9427, ECF 57). If this case is going to be dismissed and appealed, it would be more efficient for future appeals to be consolidated or considered together, and not delayed any further. Plaintiffs (and counsel) have already had multiple bites at the apple; several cases have already been appealed, and unlike fine wine or cheese, the arguments in the objections to the Jan 14. Order on reconsideration and Jan. 13 R&R will not get better with age.[7]

Accordingly, amendment at this stage would prejudice Defendant.

### IV.    CONCLUSION

In sum, the Court finds that Plaintiffs did not exercise diligence in seeking amendment, and allowing amendment would prejudice Defendant. Further, Plaintiffs have failed to show good cause (or, indeed, any cause) for amendment. Thus, to the extent that Plaintiffs' motion at ECF 64 is a standalone request to amend the complaint, it is **DENIED.**

The only outstanding issues ripe for resolution in this case are Plaintiffs' objections to my denial of reconsideration and—if Judge Rochon entertains Plaintiffs' potentially untimely objections—the objections to the Jan. 13 R&R.

---

[7] Plaintiffs' and their counsel's approach to these cases raises serious concerns under 28 U.S.C. § 1927. As Judge Torres noted, this case is just one of "more than 30 nearly identical lawsuits filed in this District and the Eastern District of New York by Plaintiffs, . . . claiming that Aetna breached an agreement to pay for a surgery." In the two cases dismissed on March 4, 2025, Judge McMahon specifically warned that "[a]ny further effort by Dr. Rowe, his attorneys of record, or anyone affiliated with him to bring further lawsuits of this nature before this court will be considered sanctionable conduct, and in the case of counsel, may result in a referral to the Grievance Committee of the Southern District of New York. *Norman Maurice Rowe, M.C., M.H.A., LLC v. Aetna Life Insurance Co.*, 23-CV-6238, 23-CV-8527, 2025 WL 692051, at *2 (S.D.N.Y. Mar. 4, 2025).

7

The Clerk of Court is respectfully directed to close ECF 64.

**SO ORDERED.**

Dated: April 3, 2025  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge